**E-FILED**
Tuesday, 04 April, 2006  08:32:19 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RODGER THORNTON,
     Plaintiff,

   vs.                                         No.01-1347

DONALD SNYDER, et al.,
     Defendants.

<u>ORDER</u>

This cause is before the court for consideration of the parties motions for summary judgement.[d/e 129, 135]

## I.  BACKGROUND

On November 3, 2005, the United Stated Court of Appeals for the Seventh Circuit affirmed the judgement in favor of the defendants on the denial of the plaintiff's yard exercise claim, but remanded the plaintiff's claim concerning his cell conditions.   The district court had dismissed the cell conditions claim for failure to exhaust administrative remedies.  However, the appellate court ruled that the plaintiff had in fact met this requirement.   The court reopened the plaintiff's case with this sole surviving claim against Defendants Donald Snyder, James Schomig, and Captain Shettleworth in their individual capacities.

The plaintiff has filed a motion for summary judgement as has defendant Donald Snyder.

## II.  FACTS

The plaintiff has not submitted a statement of undisputed facts with his dispositive motion. The plaintiff has claimed that the defendants violated his Eighth Amendment rights when the placed him in a cell that was so unsanitary it impacted his health.  While the plaintiff's complaint appears to state he was in this cell for more than 7 ½ months, the plaintiff testified in his deposition that he was in the unsafe cell,  # 106,  for "roughly a month and a half." (Plain. Depo. P. 37);  *See also* (Plain. Comp., p. 9).   The plaintiff says the cell was roach infested and had feces on the wall. The plaintiff also claims the cell had three inches of standing water from a leaky toilet, unusable sink water, poor lighting, no window, no ventilation, and an unusable  mattress.  The plaintiff also says he was denied cleaning supplies.  The plaintiff says as a result of the cell conditions, he was forced to sleep on the steel frame without a mattress.  He was often nauseous, had difficulty eating, and lost 30 pounds.

Defendant Donald Snyder says he was Director of the Illinois Department of Corrections during the time frame addressed in the plaintiff's complaint.   Snyder says he was responsible for the operations of 59 facilities including approximately 43,000 adult inmates and 1,600 juvenile offenders.  During the normal course of business, Snyder would not personally address inmate grievances or correspondence.  Snyder says he did not visit with the plaintiff while he was housed in the cell he claims was unsanitary and never spoke with the plaintiff. In addition, any correspondence or grievances from an inmate were not personally reviewed by Defendant Snyder. Consequently, Snyder says he had no personal knowledge of the plaintiff's alleged cell conditions.

Administrative Review Board Member Melody Ford says it was her job to review any correspondence or grievances that were addressed to Defendant Snyder.

### III. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©). A "material fact" is one that "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine issue of material fact in evidence of record. Adickes v. S.H. Kress & Co., 398 U.S. 144, 153 (1970);  Schroeder v. Barth, Inc., 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position.  Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994). "Summary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994).

### IV. ANALYSIS

The plaintiff has not submitted a proper motion for summary judgement. The plaintiff simply restates facts in his complaint. He does not provide any evidence that he is entitled to judgement as a matter of law. The claims in the plaintiff's motion are issues of fact that are more appropriately considered at trial. The plaintiff's motion for summary judgment is denied.

Defendant Snyder says he is entitled to summary judgement because he had no personal knowledge or involvement in the plaintiff's claims concerning the alleged Eighth Amendment violation. A defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation. McBride v. Soos, 679 F.2d 1223, 1227 (7th Cir. 1982).   For a supervisor to be held liable under 42 U.S.C. § 1983, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . ." Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988). In addition, simply sending letters to a warden or prison director does not establish personal involvement.  See Diaz v. McBride, 1994 WL 750707, at 4 (N.D.Ind. Nov. 30, 1994) (holding that a plaintiff could not establish personal involvement, and subject a prison official to liability under Section 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates).

Defendant Snyder states that as Director of the Illinois Department of Corrections he was responsible for dozens of facilities and thousands of inmates. Consequently, he did not handle the complaints of individual inmates. Any correspondence or grievance was handled by his

subordinates.  In addition, Snyder says he has no direct knowledge of the plaintiff's claims concerning his cell and no memory of receiving any correspondence or grievance from the plaintiff.

The plaintiff first argues that the director cannot delegate his responsibilities.  The plaintiff is incorrect.  The director can delegate some of his job duties. *See* Ill.Admin.Code § 504.805(a), §107.105(a).

The plaintiff next argues that the defendant cannot simply claim he was not responsible without identifying who was responsible for addressing the plaintiff's complaints.  In a similar case where a warden claimed his signature was actually his designee's, a court denied a motion to dismiss and required the defendants to provide the name of the person who did sign the document. Mahalick v Griffin, 1997 WL 159520(N.D. Ill 1997).  However, in this case the defendant is the Director of the Illinois Department of Corrections.   There is little reason for the court to believe that Defendant Snyder, or even his designee, had any specific knowledge of the violations alleged to have occurred at Pontiac Correctional Center as a result of decisions made by Pontiac Correctional Center employees.        In addition, Administrative Review Board Member Melody Ford says it was her responsibility to review grievances and correspondence addressed to Defendant Snyder.

The plaintiff has not presented any evidence to dispute the claim that Defendant Snyder did not have any personal knowledge of the conditions of the plaintiff's cell.   The court will grant Defendant Snyder's motion for summary judgement.

**IT IS THEREFORE ORDERED that:**

**1) Plaintiff's motion for summary judgement is denied. [d/e 129]**

**2) Defendant Snyder's motion for summary judgement is granted. [d/e 135]**
**The clerk of the court is directed to enter summary judgment as to Defendant Snyder only.   Defendant Snyder is dismissed from this case.**

**3) This case remains set for pretrial conference on Thursday, April 6, 2006 at 1:30 p.m. by video conference.**
Entered this 4th day of April, 2006.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE